**In re James Lee STREET, Ada Margaret Street, Debtors.**

**Bankruptcy No. 7–95–01767–HPA–13.**

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Oct. 4, 1995.

John M. Lamie, Abingdon, Virginia, for Debtors.

S. Randall Ramseyer, Assistant U.S. Attorney, Roanoke, Virginia, for Internal Revenue Service.

Becky Miner Grigsby, Com. of Virginia, Department of Taxation, Richmond, Virginia, for Com. of Virginia, Department of Taxation.

**MEMORANDUM OPINION**

H. CLYDE PEARSON, Bankruptcy Judge.

Upon confirmation hearing of the within Chapter 13 case, the Court, having consid-

ered the Plan and the objections filed thereto, stated from the bench the reasons therefor and directed Trustee to prepare and submit to the Court a confirmation order, which confirmed the Plan subject to the resolution of the Internal Revenue Service's ("IRS") Objection and a resolution of the tax claim of IRS which the Debtors challenge.

This Memorandum Opinion supplements the decision of the Court from the bench.

The Debtors filed their petition herein and set forth as a portion of their property their residence valued at $50,000, with a prior deed of trust of $23,000 as the only encumbrance to the said real estate; and that the Internal Revenue Service has filed a tax claim, claiming secured portion of $16,062.25 and a priority unsecured $100.00 claim. The Debtors challenge the tax claim on the basis that a portion of the tax claim is an estimate as determined by the IRS and which the Debtors contest as to the amount of said claim.

Assuming the claim is allowed in the full amount as claimed herein and the equity in the real estate is in the amount of the difference between a $50,000.00 value and a $23,-000.00 encumbrance by a deed of trust, there is overwhelming equity in support of the tax claim. The Plan provides for the monthly payment of the mortgage debt, which apparently is the prior lien to the tax claim, and each payment thereon under the confirmed Plan will increase the equity supporting the tax claim to the extent that the same is hereafter determined to be secured. The Court directed Debtors' counsel to promptly file objections to the claim so that the matter can be promptly heard and determined.

It was the conclusion of the Court that the delay in confirmation of the Plan was unnecessary because the amount of the tax liability as secured or unsecured could be determined promptly and that the matter could be dealt with under § 1329 providing for modification of a Plan at any time following a confirmation order and that the delay of confirmation of the Plan herein should not be deferred pending a resolution of the claims of IRS or the State Department of Taxation. The necessary delay in determining an objection and adjudication of that claim could be appealed to the District Court and, indeed, to the Court of Appeals for the Fourth Circuit, in which event there would be no confirmation of the Chapter 13 Debtors' Plan for perhaps two or three years. The result would be that the rights of all other creditors would be jeopardized. The Congress contemplated this situation by enacting § 1329, providing that plans could be confirmed and that the plan could be modified thereafter to meet the contingencies that results from hearings, and so forth, on claims, as well as many other contingencies.

For the reasons herein stated, it is the Court's view that the Plan should be confirmed subject to resolution of the tax liability of the IRS and the Commonwealth of Virginia upon returns which the Debtors were directed to file; and the Court will enter the Order as submitted by the Trustee, which provides that each secured creditor, such as the IRS here, shall retain a lien on its collateral until paid as provided above; and upon receipt of final payment under the Plan shall surrender title documents to the Debtors and release the lien, and so forth. This portion of the confirmation order makes ample provision for the protection of the IRS claim and the equity which is increasing upon payment of each mortgage payment by the Debtors, as herein provided, and is not prejudicial to the IRS pending resolution of its claim.

This Memorandum shall be filed as a supplement to the Court's ruling from the bench.

Service of a copy of this Memorandum Opinion shall be made by mail to the Debtors; counsel for Debtors; Trustee; S. Randall Ramseyer, Esq., Asst. U.S. Attorney; Becky Miner Grigsby, Esq., counsel for Virginia Department of Taxation; and U.S. Trustee.